THE CITY OF WILLOW SPRINGS, Appellant, v. F. L. WITHAUPT *et al.*, Respondents.

### St. Louis Court of Appeals, February 26, 1895.

Municipal Corporations: UNREASONABLE ORDINANCE. A municipal ordinance must be reasonable as applied to the particular subject-matter; otherwise it will be disregarded. And, under this rule, a municipal ordinance which prohibits the erection or removal from one lot to another of a wooden structure within certain corporate limits, unless a license therefor be first obtained, does not render it unlawful for a landowner to carry out a contract for such removal which was made prior to, and is in the course of performance at the time of, the adoption of such ordinance.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*N. B. Wilkinson* for appellant.

*John C. Brown* for respondents.

BIGGS, J.—The defendants are prosecuted for the violation of a city ordinance. The trial in the circuit court was before the court without a jury, and it resulted in a finding and judgment in favor of the defendants. No instructions were asked or given, and no exceptions saved to the introduction or exclusion of evidence. The plaintiff has appealed, and claims that, under the undisputed facts, the judgment is wrong.

The facts in the case are these. On the seventh day of May, 1894, the plaintiff's council passed a "fire limit" ordinance, in which the erection of any wooden structure within certain limits of the city was made a misdemeanor, unless a permit to do so was first obtained from the city council. The ordinance also prohibited, under like penalties, the removal of any such structure from one place to another within such limits, or from a place without to a place within such limits, unless done under permit from the city council.

Prior to the passage of the ordinance the defendant Withaupt was the owner of a frame storehouse, situated on a lot within the limits prescribed by the ordinance. He was also the owner of lot 18, in block 7, which was also within the limits. Some time previous to May 7, the day on which the ordinance was passed, he entered into a contract with his codefendant to move the building to lot 18. When the ordinance was adopted, the work of removal had begun, and the building had been removed to the block, but had not reached the lot on which Withaupt intended to put it. On the eleventh day of May the plaintiff notified the defendants of the passage of the ordinance, and required them to stop the work. At that time the house was partly on lot 18 and partly on the alley, which extended through the block. Withaupt insisted that he had the legal right to complete the removal of the building, and he, therefore, declined to observe the requirements of the notice. Thereupon he and his codefendant were arrested. These are the undisputed facts.

We think it quite clear that the position assumed by counsel for appellant can not be maintained. An ordinance must be reasonable as applied to the particular subject-matter, and, if unreasonable, it must be disregarded. Now, at the time the defendant Withaupt commenced to remove the building, there was no

legal prohibition against it. He had a perfect legal right to do what he attempted to do without leave or license from any one, and on the faith of it he employed his codefendant to do the work, thereby incurring an obligation which he must carry out or answer in damages for a failure to do so. The application of the ordinance under such circumstances would be unreasonable and manifestly unjust, for, if applicable, Withaupt has lost his right to place the building back where it formerly stood, and he would be compelled to remove it outside of the fire limits. In this way it is plain that he would be deprived of an existing and vested property right through no fault of his.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.